IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EDGE CONSTRUCTION COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-635C |
| | ) | Chief Judge Damich |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS AND UNOPPOSED MOTION TO STAY

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss counts two through ten of plaintiff Edge Construction Company, Inc.'s ("Edge") complaint for lack of subject matter jurisdiction. In addition, defendant respectfully requests that Edge's improper request for damages in count one be dismissed. Finally, defendant respectfully requests that the Court stay discovery in this matter pending resolution of this motion to dismiss. Counsel for Edge has stated that Edge does not oppose the motion to stay.

STATEMENT OF THE ISSUES

1. Whether this Court possesses jurisdiction to consider plaintiff's complaint to the extent it seeks damages based upon allegations that the Government breached the contract where Edge failed to submit a claim to the contracting officer seeking such damages.

STATEMENT OF THE CASE

I. Nature of the Case

This case arises out of the termination for default of a contract awarded to Edge for construction of a Department of Veterans Affairs ("VA") cemetery in Great Lakes, Michigan.

II. Statement of Facts

On September 1, 2004, Edge was awarded a contract by the VA for construction of a cemetery in Great Lakes, Michigan. Complaint ("Comp.") ¶ 4, 5.

On September 9, 2005, the contracting officer terminated Edge for default based upon Edge's "lack of progress, failure to meet contract specifications, failure to meet submittal schedules, and poor workmanship quality . . . and failure to meet progress schedule timelines, and conditions that are endangering the timely performance of the remainder of the contract." Compl. ¶ 11, 12. The notice of termination for default is attached to the complaint as Exhibit 1.

On September 8, 2006, Edge commenced this action. The complaint contains ten counts. In count one, Edge alleges that the termination for default was wrongful. Edge seeks the following damages: (1) $2,000,000 "to compensate Plaintiff Edge for the loss of its business;" (2) $6,915,726.95 "to compensate Plaintiff Edge for the amount that it indemnifies its Bonding Company;" (3) a declaration that the termination be converted to a termination for convenience; and (4) attorney fees. Compl. at 4.[1]

In counts two through nine of the complaint, Edge alleges that it submitted requests for change orders in the following amounts:

- $829,487, plus fees of $124,423.05, for a total of $953,910.05. Compl. ¶ 22 (count two).

- $91,907, plus fees of $13,786.05, for a total of $105,693.05. Compl. ¶ 28 (count three).

---

[1] To the extent that count one seeks only to have the termination for default converted to a termination for convenience, this Court possesses jurisdiction to entertain that count. See 28 U.S.C. § 1491(a)(2) (Court of Federal Claims has jurisdiction to consider non-monetary claims); Daff v. United States, 78 F.3d 1566 (Fed. Cir. 1996) (letter terminating contract for default based upon failure to timely perform was valid final decision and gave court jurisdiction under CDA).

- $20,098, plus fees of $3,014.70, for a total of $23,112.70. Compl. ¶ 34 (count four).
- $14,603, plus fees of $2,190.45, for a total of $16,793.45. Compl. ¶ 40 (count five).
- $25,175, plus fees of $3,776.25, for a total of $28,951.25. Compl. ¶ 46 (count six).
- $426,566, plus fees of $63,984.90, for a total of $490,550.90. Compl. ¶ 52 (count seven).
- $228,929, plus fees of $34,339.35, for a total of $263,268.35. Compl. ¶ 58 (count eight).
- $326,371, plus fees of $48,955.65, for a total of $375,326.65. Compl. ¶ 64 (count nine).

Edge asserts that the defendant wrongfully refused to issue these change orders. Compl. ¶¶ 23, 35, 41, 47, 53, 59, 65. Edge does not allege that these claims were submitted to the contracting officer or that any of the claims were certified.

Finally, in count ten, Edge alleges that defendant breached the contract by refusing to pay Edge $390,000 for work accomplished by Edge prior to termination. Compl. ¶ 69-70. Edge does not allege that this claim was submitted to the contracting officer or that the claim was certified.

As set forth below, this Court is without jurisdiction to decide Edge's claims that the Government breached the contract that is the subject matter of this dispute because such claims were not first submitted to the contracting officer. Similarly, with respect to Edge's claim for monetary damages in count one, this Court is without jurisdiction to decide that claim.

## ARGUMENT

I. Standard of Review

When deciding a motion to dismiss based upon lack of subject matter jurisdiction, "the allegations of the complaint must be construed favorably to the plaintiff." Armour of America v. United States, 69 Fed. Cl. 587, 590 (2006). Nonetheless, plaintiff bears the burden of establishing jurisdiction. See id., citing Taylor v. United States, 303 F.3d 1357, 1359 (Fed.Cir.2002); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed.Cir.1988). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)).

The United States is immune from suit unless it has specifically waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed" and its "consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] . . . beyond what the language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992) (citations and internal quotation marks omitted). A waiver of sovereign immunity cannot be implied but must be "unequivocally expressed." INS v. St. Cyr, 533 U.S. 289, 299 n. 10 (2001). The Tucker Act, 28 U.S.C. § 1491, waives sovereign immunity for causes of action based upon an express or implied contract with the United States. See United States v. Testan, 424 U.S. 392, 400 (1976). A plaintiff in this Court must look beyond the jurisdictional statute, the Tucker Act, for a waiver of sovereign immunity. United

States v. Mitchell, 445 U.S. 535, 538 (1980).

## II. This Court Lacks Jurisdiction Over Breach Of Contract Claims That Were Not Submitted To The Contracting Officer

Under the CDA, this Court possesses jurisdiction over causes of action based upon a valid claim submitted to the contracting officer that has been denied, or deemed denied, by the contracting officer. 41 U.S.C. § 605 (a) (1988). See also Advanced Materials, Inc. v. United States, 46 Fed. Cl. 697, 701 (1999) (jurisdiction lacking over a breach of contract action not presented to the contracting officer pursuant to the CDA); Cincinnati Elecs. Corp. v. United States, 32 Fed. Cl. 496, 505 (1994) (claim for breach of contract damages dismissed for lack of subject matter jurisdiction where claim was not submitted to contracting officer for final decision). As the court in Witherington Constr. Corp. v. United States, 45 Fed.Cl. 208, 211 (1999), stated: "[T]o gain a jurisdictional foothold in this [C]ourt, a plaintiff pursuing a contract claim must satisfy two fundamental jurisdictional requirements--it must submit a claim for money presently due and must obtain a 'final decision' on that claim, either actual or deemed."

Here, the Court does not possess jurisdiction to consider Edge's breach of contract claims. Edge, having entered into a contract with the Government covered by the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 601 et seq., must allege that it met the jurisdictional prerequisite of the CDA. Edge, as a jurisdictional prerequisite to suit, was required to submit its claims to the contracting officer.[2] Edge failed to do so. Moreover, counts 2, 3, 7, 8, 9, and 10

---

[2] The Contract Disputes Act does not define "claim" but the Federal Acquisition Regulation ("FAR"), which governs the manner in which Federal agencies conduct procurements, defines "claim" as "[a] written demand or written assertion by the contractor seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of the contract terms, or other such relief arising under or relating to the contract." 48 C.F.R. § 2.101. It is clear that a "default termination letter is not a final decision on any claim

involve claims in excess of $100,000. Those claims must not only be submitted to the contracting officer, but must also be certified. 41 U.S.C. § 605(c)(1) ("For claims of more than $100,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable, and that the certifier is duly authorized to certify the claim on behalf of the contractor."); Armour of America v. United States, 69 Fed. Cl. 587, 590 (2006) ("Where the claim is for more than $100,000, the contractor must certify it before the contracting officer.").

## III. Edge's Claim For Damages In Count One Should Be Dismissed

In count one of Edge's complaint, Edge seeks damages in the amount of (1) $2,000,000 "to compensate Plaintiff Edge for the loss of its business;" and (2) $6,915,726.95 "to compensate Plaintiff Edge for the amount that it indemnifies its Bonding Company." Compl. at 4.

As an initial matter, Edge never submitted those monetary claims to the contracting officer. This court therefore lacks jurisdiction over those claims. See Armour of America, 69 Fed. Cl. at 592 ("There is no evidence of record before the Court to show that Plaintiff requested monetary damages of a sum certain, and there is no final decision by the contracting officer on a claim for convenience termination monetary damages. In the absence of a final decision by the contracting officer on monetary damages, this Court lacks jurisdiction of this aspect of the

---

that plaintiff may have asserted against the government for monetary relief. . . Thus, because the . . . causes of action reflect plaintiff's allegations against the government, the . . . default termination letter cannot serve as a basis for the court's jurisdiction." C.D. Hayes, Inc. v. United States, 74 Fed.Cl. 699, 705 (2006); see also Armour of America v. United States, 69 Fed. Cl. 587, 590 ("A claim for improper default termination is, however, distinct from other claims arising under the contract.").

claim."); Advanced Materials, Inc. v. United States, 46 Fed. Cl. 697, 701 (1999) (granting defendant's motion to dismiss for lack of jurisdiction where plaintiff's request for breach of contract damages was never explicitly submitted to the contracting officer).

Further, damages are limited on a claim to convert a termination for default to a termination for convenience. "When a fixed-price contract . . . is terminated for convenience, it essentially is converted into a cost reimbursement contract." Praecomm, Inc. v. United States, 78 Fed. Cl. 5, 12 (2007); See also Best Foam Fabricators, Inc. v. United States, 38 Fed. Cl. 627 (1997) ("A termination for convenience essentially converts a fixed price contract into a cost reimbursement contract. As such, the contractor is entitled to recover all allowable costs incurred in the performance of the terminated work, a reasonable profit on the work done, and certain additional costs associated with the termination.") (citing 48 C.F.R. § 52.249-2 (1993)). Importantly, "[u]nder the termination-for-convenience clause, anticipatory profits and consequential damages are not recoverable." Praecomm, 78 Fed. Cl. at 12 (2007). Thus, even if Edge had submitted its monetary claims to the contracting officer, those claims must be rejected. Edge seeks $2,000,000 for the loss of its business and nearly $7 million for the amount it expects to indemnify its bonding company. As a matter of law, Edge is not entitled to these consequential damages, and this portion of Edge's complaint should be dismissed with prejudice.[3]

In summary, for this Court to possess jurisdiction to entertain the counts of the complaint alleging that the Government breached the contract with Edge, Edge must establish that it made a

[3] Even if it were entitled to seek these damages, Edge has not claimed that it actually paid its bonding company the nearly $7 million it seeks. It states that it is seeking this for the "amount that it indemnifies" (rather than indemnified) the bonding company.

written demand seeking payment of money in a sum certain to the CO and that its claim was denied or deemed denied. This Edge has failed to do. Accordingly, Edge's complaint, with the exception of that portion of count one which seeks to convert the termination for default into a termination for convenience, should be dismissed for lack of subject matter jurisdiction.

## IV. The Court Should Stay Discovery Pending Resolution Of This Motion To Dismiss

Defendant respectfully requests that the Court stay discovery in this matter pending resolution of this motion. Discovery is currently scheduled to close on February 29, 2008. While the parties have conducted written discovery and taken two depositions, additional written discovery is pending, and the parties expect to take a number of additional depositions. Further, defendant has retained an expert to analyze Edge's claims. Notwithstanding the foregoing, defendant does not wish to conduct discovery on, and have its expert perform an analysis of, those portions of the complaint which, as set forth herein, should be dismissed. Accordingly, defendant respectfully requests that the Court stay discovery pending resolution of this motion to dismiss and, at that time, allow the parties additional time to complete discovery and prepare expert reports. Counsel for plaintiff has stated that he consents to this request.

## CONCLUSION

For the foregoing reasons, we respectfully request that our motion to dismiss be granted, and that counts two through ten be dismissed for lack of subject matter jurisdiction and that Edge's claim for damages in count one be dismissed.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s L. Misha Preheim
L. MISHA PREHEIM
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-3087
Fax: (202) 305-1571

Attorneys for Defendant

February 6, 2008

CERTIFICATE OF FILING

I hereby certify that on the 6th day of February, 2008, a copy of the foregoing "Motion to Dismiss and Unopposed Motion to Stay" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ L. Misha Preheim