IN THE UNITED STATES COURT OF FEDERAL CLAIMS

EDGE CONSTRUCTION COMPANY, INC.

Plaintiff,

v.

Case No. 06-635C
(Chief Judge Damich)

THE UNITED STATES,

Defendant.

_______________________________________________/

John K. Grylls (P13350)
JOHN K. GRYLLS, P.C.
Attorney for Plaintiff
18430 Mack Avenue
Grosse Pointe Farms, MI 48236
(313) 885-0213
(313) 886-7699 – fax
jkgrylls@comcast.net

L. Misha Preheim, Esquire
COMMERCIAL LITIGATION BRANCH
CIVIL DIVISION – DEPT. OF JUSTICE
Attorney for Defendant
1100 L. Street N.W.
Washington, D.C. 20530
(202) 305-3087
(202) 305-1571 – fax

Phillip G. Alber (P24806)
ALBER CRAFTON, PSC
Of Counsel for Plaintiff
2301 West Big Beaver Road, Suite 300
Troy, MI 48098
(248) 822-6190
(248) 822-6191 – fax
palber@albercrafton.com

_______________________________________________/

## AMENDED COMPLAINT

NOW COMES Plaintiff, Edge Construction Company, Inc., by and through its attorneys, John K. Grylls, P.C. and for its Amended Complaint, states as follows:

1. Plaintiff, Edge Construction Company, Inc. ("Edge") is a Michigan corporation doing business in the State of Michigan as a general contractor.

2. At all times material hereto, Plaintiff acts as a general contractor in the construction industry for commercial and institutional construction projects.

3. Defendant, the United States and the Division of the United States Department of Veterans Administration (collectively, the "United States") are organized and existing under the laws of the United States, and entered into a construction contract with Plaintiff.

## JURISDICTIONAL ALLEGATIONS

4. This dispute arises out of a certain contract for construction services between Plaintiff and the United States (the "Contract") pursuant to which Edge acted as the general contractor for the project known as Contract No. V786C-708 8A, Great Lakes National Cemetery, Veterans Administration (the "Project").

5. The Defendant awarded the contract for the Project to Plaintiff on approximately September 1, 2004 in the total amount of $8,691,000.00. (The Contract documents, which are not attached because they are in the possession of Defendant, are hereby incorporated by reference into this Amended Complaint).

6. Pursuant to the Contract disputes arising out of the work thereunder are subject to the Contract Disputes Act of 1978, 41 USC §601 et. seq.

7. Pursuant to 41 USC §609, Edge is entitled to bring the current lawsuit within 12 months after the Contracting Officer's final decision.

8. This action is within the jurisdiction of this Court.

## COUNT I

## Conversion of Termination for Default into Termination for Convenience

9. Plaintiff incorporates Paragraphs 1 through 8 above as though fully stated herein.

10. Edge was severely delayed in its work on the Project due to extreme and unusual weather conditions and other factors outside of its control.

11. As a result of the weather delays and other delays, Defendant provided Plaintiff with extensions to complete a certain Early Turnover Area ("ETA") until September 1, 2005.

12. Edge substantially completed the ETA by September 1, 2005.

13. The United States, through the Contracting Officer, issued a Notice of Termination for Default on September 9, 2005, terminating the Contract for default with the exception of Base Bid Item No. 2 and certain identified portions of the ETA. (A copy of the September 9, 2005 Notice is attached as Exhibit 1).

14. The United States, in its determination of default of Edge, alleged that "the repeated deficiencies in the quality of work, schedule slippages, poor coordination for the work in the ETA, and poor quality of the minimal amount of work performed in the area outside of the ETA is endangering performance and gives VA no confidence that Edge will complete the remainder of the Contract in accordance with the specifications and by the established completion date." (See Exhibit 1).

15. Plaintiff performed the Contract work for the Project in a workmanlike manner and in accordance with Contract Documents, as possible due to weather conditions and other conditions beyond its control.

16. The termination by the United States of Edge was wrongful, as the bases set forth in the September 9, 2005 Notice were either not relevant, inconsequential or incorrect.

17. Pursuant to the terms of the Contract at General Condition No. 66 (incorporating FAR §52.249-10), this Court should determine that Edge was not in default, that the Termination for Default was improper and that the rights and obligations of Plaintiff and Defendant should be the same as if the termination had been issued for

the convenience of the United States, allowing Plaintiff to obtain any damages available to it under the law.

WHEREFORE, Plaintiff, Edge Construction Company, Inc., respectfully requests that this Honorable Court enter an order declaring that the Termination for Default by Defendant, the United States, was improper, and that its termination should be considered a "Termination for Convenience", and that Plaintiff is entitled to those damages allowed under the law. Plaintiff further requests that this Court award costs, attorney fees (pursuant to the Equal Access to Justice Act 28 USC §2412 et seq.) and any other relief that it deems just and appropriate.

Dated: April 9, 2008

**JOHN K. GRYLLS, P.C.**
By: s/*John K. Grylls*
Attorney for Plaintiff
18430 Mack Avenue
Grosse Pointe Farms, MI 48236
(313) 885-0123
(313) 886-7699 fax
JKGrylls@comcast.net
Attorney for Plaintiff