IN THE UNITED STATES COURT OF FEDERAL CLAIMS

EDGE CONSTRUCTION COMPANY, INC.,

Plaintiff,

v.

Case No. 06-635C
(Chief Judge Damich)

THE UNITED STATES,

Defendant.

John K. Grylls (P13350)
JOHN K. GRYLLS, P.C.
Attorney for Plaintiff
18430 Mack Avenue
Grosse Pointe Farms, MI 48236
(313) 885-0213
jkgrylls@comcast.net

L. Misha Preheim, Esquire
COMMERCIAL LITIGATION BRANCH
CIVIL DIVISION – DEPT. OF JUSTICE
Attorney for Defendant
1100 L. Street N.W.
Washington, D.C. 20530
(202) 305-3087

Phillip G. Alber (P24806)
ALBER CRAFTON, PSC
Of Counsel for Plaintiff
2301 West Big Beaver Road, Suite 300
Troy, MI 48098
(248) 822-6190
palber@albercrafton.com

**PLAINTIFF'S UNOPPOSED MOTION TO STAY PROCEEDINGS**

NOW COMES Plaintiff, Edge Construction Company, Inc., by and through its attorneys, John K. Grylls, P.C. and for its Motion to Stay Proceedings, states as follows:

1. Plaintiff, Edge Construction Company, Inc. ("Edge") entered into a contract with Defendant, the United States (specifically, the Department of Veterans Affairs), whereby Edge would perform certain construction services in furtherance of the project known as Contract No. V786C-708 8A at the Great Lakes National Cemetery ("the Project").

2. By letter dated September 9, 2005, the United States notified Edge that Edge had been terminated for default on a large portion of the Project.

3. On September 8, 2006, Edge filed a ten-count Complaint against the United States, alleging wrongful termination of the contract between the parties, as well as for breach of contract relating to various claims. (Docket No. 1).

4. On February 6, 2008, the United States filed a motion to dismiss counts two through ten of Edge's complaint, and also Edge's request for damages in count one, because Edge had not submitted these claims to the Contracting Officer on the Project. (Docket No. 20).

5. The parties subsequently entered into discussions and reached a resolution regarding certain aspects of the litigation.

6. Pursuant to that resolution, Edge would address the issues raised in the United States' motion to dismiss, and significantly narrow the scope of the action by amending its complaint to include only a single count against the Untied States. Specifically, Edge would seek to have this Court determine that the termination for default was wrongful and that Edge's rights regarding the Project should be the same as if Edge had been terminated for convenience.

7. Further pursuant to the resolution, Edge would submit the claims contained in Edge's original complaint to the Contracting Officer, for determination and potential resolution, and Edge would file an unopposed motion to stay these proceedings for not less than 90 days.

8. Accordingly, on April 9, 2008, Edge filed an unopposed motion to amend its complaint (Docket No. 22), and on April 23, 2008, Edge submitted to the Contracting Officer those claims contained in its original complaint.

9. On the same day, the United States filed a response to Edge's motion to amend its complaint. (Docket No. 23). And because Edge had sought to amend its complaint to address all issues raised in the United States' motion to dismiss, the United States withdrew the motion to dismiss. (Docket No. 23).

10. On May 23, 2008, this Court granted Edge's motion to file an amended complaint. (Docket Minute Entry of May 23, 2008).

11. The next day, Edge filed its amended complaint containing only the single count for the conversion of the termination for default into a termination for convenience. (Docket No. 24).

12. Pursuant to the resolution between the parties, Edge now files this unopposed motion for a stay of these proceedings for not less than 90 days.

13. Counsel for Edge has contacted counsel for the United States, who verified that the United States does not oppose this motion, and that the United States concurs with the relief sought by Edge within the motion.

14. For the reasons more fully stated in the Brief filed herewith, which is incorporated herein, this Court should order a stay of proceedings for not less than 90 days.

WHEREFORE, Plaintiff, Edge Construction Company, Inc., respectfully requests that this Honorable Court stay these proceedings for not less than 90 days. Plaintiff further requests that this Court enter the Proposed Order submitted via the ECF system, and grant any other relief that it deems just and appropriate.

**BRIEF IN SUPPORT**

The power of the United States Court of Federal Claims to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cellco Partnership Ship v. United States*, 54 Fed. Cl. 260, 261 (2002), quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936). When and how to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis* at 254-55. In maintaining that even balance, the Court must consider whether there is

"even a fair possibility" that the stay would work damage on another party. *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983), quoting *Landis* at 255. The decision to grant or deny a stay should be made on a case-by-case basis. See, for example, *St. Paul Fire & Marine Ins. Co. v. United States*, 24 Cl. Ct. 513, 515 (1991).

In the instant case, weighing the United States' interests against those of Edge is a simple task, for Edge's motion to stay proceedings is not contested by the United States. The parties' interests are not at odds, and further, there is not "even a fair possibility" that the requested stay might prejudice the United States. Rather, the United States' counsel has verified with Edge's counsel that the United States does not oppose the instant motion, and that the United States concurs with the relief sought by Edge. Further, a stay of proceedings will afford the parties additional time within which to attempt to resolve the only remaining count of Edge's complaint. Accordingly, a stay of proceedings will benefit the parties.

Because a stay of proceedings is not prejudicial to the United States, because the motion for the same is unopposed, and because the United States concurs with the relief sought within the motion, this Court should exercise its discretion and grant a stay of proceedings of not less than 90 days.

WHEREFORE, Plaintiff, Edge Construction Company, Inc., respectfully requests that this Honorable Court stay these proceedings for not less than 90 days. Plaintiff further requests that this Court enter the Proposed Order submitted via the ECF system, and grant any other relief that it deems just and appropriate.

**JOHN K. GRYLLS, P.C.**
By: /s/ John K. Grylls
John K. Grylls
Attorney for Plaintiff
18430 Mack Avenue
Grosse Pointe Farms, MI 48236
(313) 885-0123
JKGrylls@comcast.net

**ALBER CRAFTON, PSC**
By: /s/ Phillip G. Alber
Phillip G. Alber (P24802)
Of Counsel for Plaintiff
2301 West Big Beaver Road, Suite 300
Troy, MI 48084
(248) 822-6190
palber@albercrafton.com

Date: June __, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2008, I electronically filed Plaintiff's Motion to Stay Proceedings with the Clerk of the Court using the ECF system.

**JOHN K. GRYLLS, P.C.**
By: /s/ John K. Grylls
Attorney for Plaintiff
18430 Mack Avenue
Grosse Pointe Farms, MI 48236
(313) 885-0123
JKGrylls@comcast.net

F:\DOCS\8505\016\MOTION\00077325.DOC